UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-61141-LEIBOWITZ

**VARDAN SAGATELIAN**,
    *Petitioner,*
v.

**ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** *et al.*,
    *Respondents.*
_____/

## ORDER

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. The Court held a hearing on June 11, 2025, at which counsel for Petitioner and Respondents appeared. [*See* ECF No. 11]. The Court made rulings at the June 11, 2025, hearing, which are memorialized in this Order. To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record. For the reasons stated at the hearing and herein, the Petition [ECF No. 1] is DISMISSED.

In the Petition, Petitioner alleges that he "has not had the opportunity to file an [a]sylum [a]pplication, or to obtain a full and fair hearing on the merits of his case," and therefore seeks his release from detention "to pursue asylum in this country." [ECF No. 1 ¶¶ 7, 9]. However, Petitioner's assertion that he has not had an opportunity to file for asylum or has not had an opportunity to be heard on his claim for asylum is false, as evidenced by the immigration judge's decision denying his request for asylum and ordering him removed to Russia. [ECF No. 10-4]. The immigration judge's decision was subsequently affirmed by the Board of Immigration Appeals. [ECF No. 10-5 at 3]. Thus, the immigration judge's removal order is administratively final.

Additionally, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Thus, this provision categorically excludes 28 U.S.C. § 2241 as a basis for a district court to review and alien's order of removal and questions of law and fact arising from removal proceedings. Furthermore, 8 US.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5). "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Therefore, only the Eleventh Circuit has jurisdiction to review the order of removal in this matter, and this Court does not have jurisdiction.

"Without subject matter jurisdiction, a court has no power to decide anything except that it lacks jurisdiction." *United States v. Salmona*, 810 F.3d 806, 810 (11th Cir. 2016).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**ECF No. 1**] is **DISMISSED** for lack of jurisdiction. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on June 11, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record